# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD HOWARD : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-2209 |
| : | |
| CHESTER COUNTY OFFICE OF : | |
| JUVENILE PROBATION AND PAROLE, et al., : | |
|     Defendants. : | |

## ORDER

**AND NOW**, this 15th day of March 2019, upon consideration of Defendants' motions to dismiss [Doc. Nos. 56, 57, 59, 61, 62, and 64], which, except for Tredyffrin/Easttown School District's motion, were converted into motions for summary judgment, as well as the responses and supplementary materials provided thereto [Doc. Nos. 96 and 97], it is hereby **ORDERED** as follows:

1. Tredyffrin Easttown School District's Motion to Dismiss the *Second* Amended Complaint [Doc. No. 57] is **DISMISSED as moot** as the Third Amended Complaint is the operative complaint;

2. Tredyffrin Easttown School District's Motion to Dismiss the Third Amended Complaint [Doc. No. 61] is **GRANTED;**

3. The remaining Defendants' Motions for Summary Judgment [Doc. Nos. 56, 59, 62, and 64] are **GRANTED**;

4. All claims are **DISMISSED with prejudice** as to all Defendants, except Plaintiff's IDEA claim against the School District, which is **DISMISSED without prejudice[1];**

---

[1] Generally, federal courts will dismiss without prejudice claims that fail to exhaust their claims. *Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000).

5. Plaintiff's Motion for Default Judgment Against Defendant Easttown Police Department and Officer Price [Doc. No. 76] is **DENIED**[2];

6. Plaintiff's Motion to Amend Third Amended Complaint [Doc. No. 77] is **DENIED**[3]; and

7. The Clerk is directed to **CLOSE** this case.

It is so **ORDERED.**

                                      **BY THE COURT:**

                                      **/s/ Cynthia M. Rufe**

                                      **CYNTHIA M. RUFE, J.**

---

[2] Plaintiff argues that Defendant Easttown Police Department and Officer Price failed to respond to his Third Amended Complaint; however, a review of the docket shows that these Defendants properly filed a Motion to Dismiss the Third Amended Complaint on September 6, 2018 [Doc. No. 59].

[3] Because Plaintiff has already filed three amended complaints, all Defendants have filed motions to dismiss the Third Amended Complaint, and the language Plaintiff seeks to have added to his complaint – that "[Plaintiff] was also denied the Diversion Program" by Defendant police officers – would have no impact on his claims against the police department, Plaintiff is not granted leave to amend his Third Amended Complaint. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (a district court may deny leave to amend due to undue delay, bad faith, prejudice to the opposing party, or futility).